IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**
   **Plaintiff**

v.

**ANGEL M. OLIVO-RIVERA (#7)**
   **Defendant**

Criminal No. 99-344(PG)

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

**A.**    **Factual and Procedural Background**

Upon being charged and convicted for a violation of Title 21 U.S.C. § 846, releasee Angel M. Olivo-Rivera (hereafter "Olivo"), on May 15, 2001, was sentenced to serve a 46-month term of imprisonment and a 6-year term of supervised release, which term he began to serve on May 16, 2003, upon being released from custody.

Subsequently, on August 9, 2003, releasee Olivo's supervised release term was revoked and he was sentenced to serve a term of imprisonment of 11 months and a term of supervised release of 5 years was imposed. He was released from custody on June 30, 2004.

On October 15, 2004, the U.S. Probation Office filed "Motion Notifying Supervised Release Violations and Request for a Warrant" (**Docket No. 650**), wherein it was alleged that releasee has violated his conditions of release as follows:

1.    Standard Condition Nos. 2 and 3. Releasee Olivo failed to report to the U.S. Probation Office for surprise urinalysis on 4 occasions and for an office visit on September 15, 2004. He also did not submit his monthly supervision report for the month of September 2004.

Criminal No. 99-344(PG))                                                                                     Page No. 2

    2.    Special Condition No. 3. As per urinalysis performed on July 22, 2004, releasee Olivo tested positive to the use of cocaine. He admitted having reverted to the use of drugs and on that same date he was referred to an outpatient drug treatment program. His last visit to the program was on August 16, 2004.

**B.  Show Cause Hearing**

On December 13, 2004, a hearing was held to afford releasee Olivo the opportunity to show cause as to why the term of supervised release imposed on August 29, 2003, should not be revoked.

At the hearing, releasee Olivo was advised of his constitutional right to remain silent, to present witnesses on his behalf and cross-examine those to be presented by the government. While assisted by Assistant Federal Public Defender Francisco Valcárcel, releasee Olivo waived these rights and admitted the violations charged.

**C.  Conclusion**

In having failed to abide by the conditions of release, releasee Olivo has violated his conditions of supervised release. Pursuant to U.S.S.G. § 7B1.1(a)(3), the same constitutes a Grade C violation which the probation officer elected to report upon having determined that such violations constituted a pattern of conduct that clearly violated the conditions of release. *See* U.S.S.G. § 7B1.2(b).

Section 7B1.3(a)(2) establishes that "upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Were this Court to revoke the term of supervised release, §§ 7B1.3(b) and (c) do provide the criteria upon which sentence is to be imposed. In such revocation proceedings, the applicable range of imprisonment will be that set forth in § 7B1.4; provided

Criminal No. 99-344(PG))                                                                                          Page No. 3

that the applicable criminal history category (CHC) to be utilized in determining the applicable guideline range will be the CHC "under which defendant was originally sentenced to a term of supervision."

The records in possession of the .S. Probation Office reflect that releasee Olivo, when originally sentenced, was placed within a CHC of "VI." Considering a CHC of "VI" and the fact that he has incurred in a Grade C violation, were this Court to revoke the term of supervision, releasee will be subjected to a guideline imprisonment range of eight (8) to fourteen (14) months (§ 7B1.4(a)).

Based on the evidence presented, it is determined that there are grounds on which to have the supervised release term, imposed on August 29, 2003, revoked.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 14th day of December, 2004.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**